UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brett James Catoe, #296942, | ) C/A No.: 9:13-1515-JFA-BM |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden, Allendale Correctional Institution, | ) |
| Respondent. | ) |

Petitioner, a state prisoner proceeding *pro se*, files this matter pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Allendale Correctional Institution, a facility run by the South Carolina Department of Corrections. In the instant Petition, Petitioner claims he has just learned that he is subject to two years of community supervision upon his release from incarceration. He alleges the supervision was not part of his plea or his sentence. According to the Petitioner he was "sentenced to serve (85%) percent of (17) years, . . ., [he is] being told that [he has] to do two year's community supervision upo[]n [his] release, in [his] transcript [he] was never told [he] would have to do two year's supervision, that was not [in] his plea agreement to do (100) percent of [his] sentence, [his] lawyer never told [him] he would have to do two year's supervision. If [he] would have known this [he] would never have ple[ ]d nolo contendre." *See Petition, generally*.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following

1



precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)(*per curiam*). Even when considered under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner has previously challenged this same conviction and sentence in this Court. *See Catoe v. Warden*, Civil Action No.:9:12-164-MBS. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). It is possible for a Petitioner to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a *prima facie* showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). However, even if a petitioner's grounds for relief satisfy these strict requirements, the appropriate appellate court is the proper tribunal to make the decision when authorization is requested, not the district court. 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for



rehearing or for a writ of certiorari."). Therefore, Petitioner would need to first obtain leave from the Fourth Circuit Court of Appeals before he could proceed with a successive Petition in this Court.[1]

Concededly, "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). For example, when an initial habeas petition is denied on procedural grounds, such as failure to exhaust state remedies, and is not adjudicated on the merits, a subsequent habeas petition is not "second or successive." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Furthermore, a numerically second habeas petition is not "second or successive" if there is a "new judgment intervening between the two habeas petitions." *Magwood v. Patterson*, 130 S. Ct. 2788, 2802 (2010). Additionally, while dismissal for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive, *Harvey v. Horan*, 278 F.3d 370, 379-80 (2002) abrogated on other grounds by *Skinner v. Switzer*, 131 S. Ct. 1289 (2011), a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45 (1998).

However, where the second or subsequent petition is a second attack on the same conviction, and the first petition was finally adjudicated on the merits, it is considered to be successive. *See In re Williams*, 444 F.3d at 236. Here, it is clear from a review of the court's records that Petitioner attacked his Lancaster County convictions and sentences in a prior action, as noted above, and that summary judgment for the respondents was granted in the petitioner's prior § 2254 case. As a result,

---

[1] The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).



the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; and *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996).

Pursuant to the cited statute and rule, when a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). As the Fourth Circuit explained in *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." *See also In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Because Petitioner has had a previously litigated § 2254 petition concerning this charge, and there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case, this case is subject to summary dismissal.



**RECOMMENDATION**

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return. See Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings, and dismissing those actions that plainly lack merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Bristow Marchant
United States Magistrate Judge

July 2, 2013
Charleston, South Carolina

*The petitioner's attention is directed to the important NOTICE on the next page.*



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



6